IN THE OREGON TAX COURT

AMCO-WEST PROPERTIES, INC.
*v.*
DEPARTMENT OF REVENUE
(TC 2989)

David L. Slader, Greene & Markley, P.C., Portland, represented plaintiff.

Ted E. Barbara, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Plaintiff's Motion For Summary Judgment granted December 21, 1990.

**CARL N. BYERS, Judge.**

This matter is before the court on cross-Motions For Summary Judgment. The parties have stipulated to the facts and to the issue before the court.

## FACTS

Plaintiff appeals from the denial of a refund claim for corporate excise taxes for the year 1982. Defendant audited plaintiff and issued a notice of deficiency on February 13, 1985. Seven days later, plaintiff paid the deficiency. The payment was accompanied by a letter which, as a separate paragraph, stated: "This payment is made under protest." Defendant did not respond to the letter and did not issue a notice of assessment. On October 23, 1986, plaintiff filed a claim for refund. On November 12, 1987, defendant issued a "Letter of Determination" denying the refund claim. Defendant determined plaintiff's transmittal letter was not a "written protest" as required by ORS 305.265 and OAR 150-305.265(6)(B)(2). On February 9, 1988, plaintiff filed a "Petition For Review." In the petition, plaintiff argued a position contrary to the case law pertaining to claims for refund. On February 29, 1988, defendant reiterated its position that the transmittal letter was not adequate. On April 27, 1988, plaintiff's counsel responded to defendant's position. On August 25, 1988, plaintiff's new counsel made a new argument and on August 1, 1990, defendant issued its Opinion and Order No. 88-0518.

## ISSUE

The parties have stipulated that the issue before the court is whether the statement "[t]his payment is made under protest" is a "written objection."

## ASSESSMENT PROCEDURES

▮▮▮▮ Since the procedures for assessing deficiencies change from time to time, the court must be careful to apply the correct statutes and rules. In this instance, the Notice of Deficiency was issued February 13, 1985.[1] As of that date, the relevant statute provided:

> "(5)   Within 30 days from the date of mailing of notice of deficiency, the person given notice shall pay the deficiency with interest computed to the date of payment and any penalty proposed. Or within that time the person shall advise

---

[1] A number of changes have been made to the assessment procedures since February 13, 1985. *See* Or Laws 1985, ch 266, § 4, and OAR 150-305.265(5)-(A) through 150-305.265(9) (effective 12-31-85).

the department in writing of objections to the deficiency, and may request a conference with the department, * * *.

"(6)   * * * If no conference is requested and written objections are received, the department * * * shall assess any deficiency in the manner provided in subsection (7) * * *.

"(7)   If neither payment nor written objection to the deficiency is received by the department within 30 days after the notice of deficiency has been mailed, the department shall assess the deficiency, * * *. The notice of assessment shall be mailed within one year from the date of the notice of deficiency * * *." ORS 305.265(5)-(7) (1983).

This statute presents the taxpayer receiving a notice of deficiency with three options. They also contain implicit assumptions which have given rise to this case.

The taxpayer's first option is to pay the proposed deficiency within 30 days. Since it is only a proposed deficiency, the statute assumes that payment means the taxpayer agrees with it.

The taxpayer's second option is to disagree. In that case, the statute commands the taxpayer to advise the department in writing of objections to the proposed deficiency within 30 days. Since this commandment begins with the word "or," it assumes that a taxpayer who disagrees will not pay the proposed deficiency. If a taxpayer disagrees, the department must assess the deficiency within one year from the date of the notice.

The third option is to do nothing. Under subparagraph (7), if a taxpayer does nothing, the statute assumes the taxpayer disagrees and the department is required to assess the deficiency.

## LAW AMBIGUOUS

In short, the statute assumes that a taxpayer who agrees with the proposed deficiency will pay and a taxpayer who disagrees will object. Plaintiff did both. By objecting and paying, plaintiff created a situation not expressly anticipated by the statute. Defendant came close to clarifying the statute when it adopted OAR 150-305.265(13). This amended rule became effective December 31, 1984, approximately six weeks before the notice of deficiency was issued. The rule provides in relevant part:

"(1) Payment of a proposed deficiency determined by the department shall not extend the period for appeal. The department will not send a notice of assessment if the taxpayer pays a proposed deficiency in full.

"If a taxpayer pays a proposed deficiency in full *and does not send written objection* or request a conference within 30 days from the date of the notice of deficiency, the deficiency shall be considered assessed 30 days from the date of the notice or the date the proposed deficiency is paid whichever is the later. A taxpayer has 90 days from the date of assessment in which to request a department hearing or appeal to the small claims division of the Oregon Tax Court if applicable. The assessment is considered final if neither a hearing request nor an appeal is made within the 90-day period." (Emphasis added.)

The rule is ambiguous. It flatly states: "The department will not send a notice of assessment if the taxpayer pays a proposed deficiency in full." However, it also implies that if the taxpayer pays *and* sends "written objections" the deficiency shall not be considered assessed. That implied result is consistent with the statute. The unqualified statement that "[t]he department will not send a notice if the taxpayer pays" can apply only when the taxpayer agrees with the proposed deficiency.

Contrary to first impression, a deficiency is not an amount owing.

"A deficiency is the amount by which the tax as correctly computed exceeds the tax, if any, reported by the taxpayer; or, if no tax return is filed, a deficiency is the amount of tax computed by the Department." OAR 150-305.265(2).

■ The significance of this fact is that payment of a proposed deficiency may not eliminate the need for an assessment. A notice of deficiency proposes an increase in a taxpayer's tax liability. It is only a proposal. If a taxpayer agrees with that proposal, defendant may consider the deficiency assessed only because the taxpayer agrees. If the taxpayer does not agree, the defendant must assess the deficiency to establish liability.

Under the statute in effect at the time, defendant was entitled to infer from payment alone that the taxpayer agreed

to the proposed deficiency. However, if payment was accompanied by written objections, payment could no longer imply agreement. This is recognized in defendant's rule. The rule considers the deficiency assessed only if the taxpayer pays "and does *not* send written objections." Defendant contends plaintiff agreed to the proposed deficiency because plaintiff did not make "written objection."

## FINDINGS

The court finds that the statement "[t]his payment is made under protest" it is a written objection. If the taxpayer had not paid, but simply written "I protest," there can be no doubt that it would qualify as a written objection. The statement "I protest" is an acceptable synonym for "I object." Defendant can hardly complain that plaintiff used the word "protest" since it is the very word used in the notice of deficiency. The notice stated:

> "Unless you pay or *protest* this deficiency, within 30 days from the date this notice was mailed, a Notice of Assessment will be mailed to you." (Emphasis added.)

It is true the bare statement "[t]his payment is made under protest" presents no arguments or explanations as to why the taxpayer disagrees. Consequently, the defendant would not be required to conduct a conference or hesitate the slightest in assessing the proposed deficiency. What the bare statement does signal is that the taxpayer does not agree. As to that point, no explanations or arguments are needed.[2]

The purpose of accompanying a payment with the statement "made under protest" is to remove the voluntary character of the payment. It permits the payor to retain a right to seek recovery if the demand for payment was invalid or illegal. *Jaynes v. Heron,* 46 NM 431, 130 P2d 29 (1942). *See also,* Restatement Of The Law, Restitution, § 75j (1937). The statement "paid under protest" is sufficient to remove the voluntary element or character of a payment. It is also adequate to remove any implication of agreement. When defendant received that statement, it became obligated to assess the deficiency to establish plaintiff's liability.

---

[2] Amendments to ORS 305.265 and defendant's Oregon Administrative Rules, adopted in 1985 after plaintiff was required to respond to the notice of deficiency, will not be applied retroactively.

The court does not find it necessary to consider the intent of the author of the statement. The language, on its face, is adequate to express disagreement. Any subsequent explanations by taxpayer's former lawyer as to intent would not aid the court in determining whether the language meets the requirements of the statute.

In view of the above findings and based upon the stipulation of the parties, defendant's Opinion and Order No. 88-0518 should be set aside. Defendant must refund to plaintiff the sum of $161,927.48, plus interest as provided by ORS 314.415(1)(f). Now, therefore,

IT IS ORDERED that defendant's Motion For Summary Judgment is denied; and

IT IS FURTHER ORDERED that plaintiff's Motion For Summary Judgment is granted. Judgment shall be entered consistent with the findings of this order.

Costs to neither party.